# EXHIBIT B

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 06/22/2021
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

Filed and Attested by the
Office of Judicial Records
28 AUG 2020 09:02 pm
E. HADRIS

**Vaughn Booker, Esquire**
**1420 Walnut Street, Suite 815**
**Philadelphia, Pennsylvania 19102**
**Telephone No: (215) 545-0474**
**Facsimile No: (215) 5545-0656**
**Attorney I.D. No: 42312**
**Email: vbs00001@aol.com**

**Attorney for Plaintiff**
**This is an Arbitration Matter**
**Assessment of Damages Hearing is Required**

**Danielle Watson**
**Creekside Apartments**
**2500 Knights Road, Apt. 132-06**
**Bensalem, Pennsylvania 19020**

                        **Plaintiff**

            vs.

**United States Marshals Service**
**601 Market Street, Suite 2110**
**Philadelphia, Pennsylvania 19106**
            **and**
**United States Department of Justice**
**950 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20530-0001**
            **and**
**City of Bensalem**
**2400 Byberry Road**
**Bensalem, Pennsylvania 19020,**

                        **Defendants**

: **Court of Common Pleas**
:  **of Philadelphia County**
:
: **Civil Action- Law**
:
: **Complaint**
:
: **August Term, 2020**
:
: **No:**
:
:
:
:
:
:
:
:
:
:

RECEIVED

SEP 1 0 2020

Bensalem Township
Administration

**NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the

**AVISO**

Le han demandado a usted en la corte. Si usted quire defenderse de estas demandes expuestas en las paginas siguientes, ustes tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demanded en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la

Case ID: 200802486

Plaintiff. You may lose money or property or other rights right important to you.

demanda en contra suya sin previo aviso o n oificacion. Ademas, la corte puede decidir a f avor del demandante y requiere que usted cumpla co n todias las provisiones de esta demanda. Usted p uede perer dinero o sus propiedades u ostros d erechos importantes para usted.

**You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford on, go to or telephone the office set forth below to find out can get legal help.**

**Lieva esta demanda a un abogado inmediatamente. Si no tine abogado o si no tiene el dinero suficiente de pager tal servicio. Vaya en perso na o llame por telefono a la oficina cuy a direccion se encuentra escrita abajo para a veriguar donde se puede conseguir asistencia leg al.**

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107**

**(215) 238-6333
TTY (215) 451-6197**

**Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107**

**(215) 238-6333
TTY (215) 451-6197**

Case ID: 200802486

Vaughn Booker, Esquire
1420 Walnut Street, Suite 815
Philadelphia, Pennsylvania 19102
Telephone No: (215) 545-0474
Facsimile No: (215) 5545-0656
Attorney I.D. No: 42312
Email: vbs00001@aol.com

Attorney for Plaintiff
<u>This is an Arbitration Matter</u>
<u>Assessment of Damages Hearing is Required</u>

---

| | | |
|---|---|---|
| Danielle Watson | : | Court of Common Pleas |
| Creekside Apartments | | of Philadelphia County |
| 2500 Knights Road, Apt. 132-06 | : | |
| Bensalem, Pennsylvania 19020 | | |
| | : | Civil Action- Law |
| **Plaintiff** | : | Complaint |
| **vs.** | : | August Term, 2020 |
| United States Marshals Service | : | No: |
| 601 Market Street, Suite 2110 | | |
| Philadelphia, Pennsylvania 19106 | : | |
| and | : | |
| United States Department of Justice | : | |
| 950 Pennsylvania Avenue, N.W. | | |
| Washington, D.C. 20530-0001 | : | |
| and | | |
| City of Bensalem | : | |
| 2400 Byberry Road | | |
| Bensalem, Pennsylvania 19020, | : | |
| | : | |
| **Defendants** | : | |

---

## COMPLAINT

And now comes the Plaintiff, Danielle Watson, by and through her undersigned Attorney, Vaughn A. Booker, Esquire and in support of her Complaint, prays your Honorable Court as follows:

1. The Plaintiff Danielle Watson is an African American female and individual and at all times material hereto, resides at the Creekside Apartments, 2500 Knights Road, Apt. No. 132-06, in Bensalem, Pennsylvania 19020.

2. The Defendant City of Bensalem, at all time material hereto, is a Municipal Corporation and municipality and political subdivision subject to the Political Subdivision Tort Claims Act and engaged in the business of providing police officers and police services to the citizens of the City of Bensalem, with a principal place of business located at 2400 Byberry Road, in Bensalem, Pennsylvania 19020.

3. The Defendant United States Marshals Service is a federal law enforcement agency within the U.S. Department of Justice and is engaged in the business of executing warrants, search warrants, arresting, finding, apprehending and locating suspects, persons and individuals within this Commonwealth of Pennsylvania,, with a principal place of business located at 601 Market Street, Suite 2110, in Philadelphia, Pennsylvania 19106.

4. The Defendant United States Department of Justice is a department under the federal government purportedly existing and engaging in the enforcement and execution of the laws of the United States and to ensure domestic public safety and to provide federal leadership in preventing and controlling crime and to seek punishment for those guilty of unlawful behavior and to ensure the fair and impartial administration of justice for all Americans, with a principal place of business located at 950 Pennsylvania Avenue, NW, in Washington, D.C. 20530-0001.

5. At all times material hereto, the Defendants United States Department of Justice, U.S. Marshals Service and City of Bensalem, were and are engaged in the business of executing warrants, search warrants, arresting, finding, apprehending and locating suspects, persons and individuals within this Commonwealth of Pennsylvania, County of Bucks, City of Bensalem and City of Philadelphia.

6. At all times material hereto, the Defendant City of Bensalem, was acting by and through their authorized agents, servants, workmen and employees and acting and committed within the course and scope of their employment and agency relationship.

7. At all times material hereto, the Defendant United States Marshals Service, was acting by and through their authorized agents, servants, workmen and employees and acting and committed within the course and scope of their employment and agency relationship.

8. At all times material hereto, the Defendant United States Department of Justice, was acting by and through their authorized agents, servants, workmen and employees and acting and committed within the course and scope of their employment and agency relationship.

9. At all times material hereto, the Defendant City of Bensalem was acting under color of law and/or with the actual and/or apparent authority to do so.

10. At all times material hereto, the Defendant United States Marshals Service was acting under color of law and/or with the actual and/or apparent authority to do so.

11. At all times material hereto, the Defendant United States Department of Justice was acting under color of law and/or with the actual and/or apparent authority to do so.

12. At all times material hereto, the Defendant City of Bensalem was acting in concert with and/or as the agent, servant, workmen and employee of the Defendant United States Marshals Service and with the authority and/or apparent authority, express and/or implied to do so.

13. At all times material hereto, the Defendant City of Bensalem was acting in concert with and/or as the agent, servant, workmen and employee of the Defendant United States Department of Justice and with the authority and/or apparent authority, express and/or implied to do so.

14. At all times material hereto, the Defendant United States Marshals Service was acting in concert with and/or as the agent, servant, workmen and employee of the Defendant City of Bensalem and with the authority and/or apparent authority, express and/or implied to do so.

15. At all times material hereto, the Defendant United States Marshals Service was acting in concert with and/or as the agent, servant, workmen and employee of the Defendant United States Department of Justice and with the authority and/or apparent authority, express and/or implied to do so.

16. At all times material hereto, the Defendant United States Department of Justice was acting in concert with and/or as the agent, servant, workmen and employee of the Defendant United States Marshals Service and with the authority and/or apparent authority, express and/or implied to do so.

17. At all times material hereto, the Defendant United States Department of Justice was acting in concert with and/or as the agent, servant, workmen and employee of the Defendant City of Bensalem and with the authority and/or apparent authority, express and/or implied to do so.

18. At all times material hereto, the Defendant City of Bensalem, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled it's workers, police officers, officers, serviceman, agents and employees.

19. At all times material hereto, the Defendant United States Marshals Service, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled it's workers, police officers, officers, serviceman, agents and employees.

20. At all times material hereto, the Defendant United States Department of Justice acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled it's workers, police officers, officers, serviceman, agents and employees.

21. At all times material hereto, the Defendant City of Bensalem, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled the workers, police officers, officers, serviceman, agents and employees of the Defendant United States Marshals Service.

22. At all times material hereto, the Defendant City of Bensalem, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled the workers, police officers, officers, serviceman, agents and employees of the Defendant United States Department of Justice.

23. At all times material hereto, the Defendant United States Marshals Service, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled the workers, police officers, officers, serviceman, agents and employees of the Defendant City of Bensalem.

24. At all times material hereto, the Defendant United States Marshals Service, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled the workers, police officers, officers, serviceman, agents and employees of the Defendant United States Department of Justice.

25. At all times material hereto, the Defendant United States Department of Justice, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled the workers, police officers, officers, serviceman, agents and employees of the Defendant City of Bensalem.

26. At all times material hereto, the Defendant United States Department of Justice, acting by and through its authorized agents as stated aforesaid, supervised, managed, possessed and controlled the workers, police officers, officers, serviceman, agents and employees of the Defendant United States Marshals Service.

27. At all times material hereto, the Defendant City of Bensalem, acting by and through their officers, agents, servicemen, employees or the like, were acting under color of law.

28. At all times material hereto, the Defendant United States Marshals Service, acting by and through their officers, agents, servicemen, employees or the like, were acting under color of law.

29. At all times material hereto, the Defendant United States Department of Justice, acting by and through their officers, agents, servicemen, employees or the like, were acting under color of law.

30. On or about November 9, 2018, the Plaintiff Danielle Watson, was lawfully inside of her place of residence and apartment, located at the Creekside Apartments at 2500 Knights Road, Apt. No. 132-06 in Bensalem, Pennsylvania, when while sleep and suddenly and without warning, was awakened by Police officers, officers, agents, employees or the like of the Defendants City of Bensalem, United States Marshals Service and the United States Department of Justice and without her consent or consideration for the rights, safety, body and position of the Plaintiff.

31. At all times material hereto, the Defendants, acting as aforesaid, banged on the front door in a loud and obnoxious matter and were attempting to force the Plaintiff's apartment door open and these Defendants their agents, officers, serviceman, police officers and employees were unannounced and furthermore blocked the peep hole of the Plaintiff's door.

32. At all times material hereto, the said Defendants, their agents, officer and employees were breaching and banging on the said door and demanded that the Plaintiff open the door, without identifying and/or properly identifying themselves.

33. At all times material hereto, the Plaintiff, in fear of imminent bodily harm and in fear of her life, attempted to and/or partially opened and cracked the door, when the Defendants suddenly and without warning forced and pushed the said door fully open and forcibly and excessively grabbed the body of the Plaintiff's person.

34. At all times material hereto, the said Defendants, agents, employees and officers had their guns drawn and pointed and showing and in a threatening, intimidating and foreful manner at the body and person of the Plaintiff.

35. At all times material hereto, the said Defendants, agents, employees and officers had lights pointed and shining and blinding on and at the body, face and person of the Plaintiff.

36. At all times material hereto, the said Defendants, agents, employees and officers forcefully and excessively, grabbed, pulled and yanked the Plaintiff out of her apartment and threw her forcefully and excessively to the ground in the said hallway.

37. At all times material hereto, the said Defendants agents, employees and officers put handcuffs around the wrists, body and person of the Plaintiff.

38. At all times material hereto, the said Defendants, agents, employees and officers unlawfully detained the said Plaintiff.

39. At all times material hereto, the said Defendants, agents, employees and officers unlawfully restrained the said Plaintiff.

40. At all times material hereto, the said Defendants, agents, employees and officers forcefully entered the said Plaintiff's apartment without her permission and consent.

41. At all times material hereto, the said Defendants, agents, employees and officers accused the Plaintiff of harboring a suspect, criminal and/or fugitive inside of her apartment.

42. At all times material hereto, the said Defendants, agents, employees and officers began to search, without her consent, her apartment in an attempt to and in looking for the said alleged suspect, criminal and/or fugitive allegedly inside of the Plaintiff's apartment.

Case ID: 200802486

43. At all times material hereto, the said Defendants, agents, employees and officers illegally and improperly searched the apartment of the Plaintiff without her consent.

44. At all times material hereto, the said Defendants ransacked and damaged the apartment in and about its doors, closets, bedroom and pertinent parts, while purportedly looking for the said suspect, criminal and/or fugitive inside of her apartment.

45. At all times material hereto, the Defendants never showed and/or displayed a Warrant to the Plaintiff.

46. At all times material hereto, the Defendants never obtained a Warrant to enter and/or search the said Plaintiff's apartment.

47. At all times material hereto, the said Plaintiff was cladly dressed in a nightgown with no panties or bra on and the Defendants still disregarded her body and person.

48. At all times material hereto, while cladly dressed and naked from the waist down, the Plaintiff was humiliated and embarrassed by the Defendants, all to her detriment, agony, pain and emotional distress and financial detriment.

49. At all times material hereto, due to the actions, conduct and excessive force used by the Defendants, acting by and through their authorized agents, the Plaintiff was further humiliated when neighbors and other in other apartments were looking at her and the commotion and actions of the Defendants and seeing her naked and cladly dressed.

50. At all times material hereto, the said Plaintiff was embarrassed and humiliated by the actions and conduct and behavior of the Defendants, their agents and officers, all to her detriment, agony, pain and suffering and emotional distress.

51. At all times material hereto, the said Defendants acting by and through their authorized agents, servants and employees, showed the Plaintiff a picture of the said alleged suspect, criminal and/or fugitive that they allegedly said she was harboring.

52. At all times material hereto, the Plaintiff told, pled and informed the Defendants that the picture of the said alleged, suspect, criminal and/or fugitive that they were looking for was in and/or resided in the apartment downstairs.

53. After the Defendants had disregarded the rights, safety, position and body and person of the Plaintiff, the Defendants then went down stairs into the correct apartment and apprehended, detained, arrested and restrained the said suspect, criminal and/or fugitive.

54. At no time did the said suspect, criminal and/or fugitive that the Defendants were looking for resided with and did not occupy the apartment of the Plaintiff.

55. At all times material hereto, the Defendants acting under color of law and as aforesaid, went to the wrong apartment, all to the Plaintiff's loss, detriment, agony, embarrassment and humiliation and pain and suffering.

56. At all times material hereto, the Defendants acting as aforesaid and disregarding the body and person of the Plaintiff and in using excessive force, violated the Plaintiff's rights under the law.

57. At all times material hereto, the Defendants acting as aforesaid and disregarding the body and person of the Plaintiff and in using excessive force, caused the Plaintiff to sustain bodily injuries and personal injuries all to her financial loss and detriment.

58. At all times material hereto, the Defendant City of Bensalem is vicariously liable on a Respondeat Superior theory for the intentional and/or negligent acts of it's employees, officers and agents, which were all committed under color of law and in concert and acting and committed within the course and scope of their employment and agency relationship.

59. At all times material hereto, the Defendant United States Marshals Service is vicariously liable on a Respondeat Superior theory for the intentional and/or negligent acts of it's employees, officers and agents, which were all committed under color of law and in concert and acting and committed within the course and scope of their employment and agency relationship.

60. At all times material hereto, the Defendant United States Department of Justice is vicariously liable on a Respondeat Superior theory for the intentional and/or negligent acts of it's employees, officers and agents, which were all committed under color of law and in concert and acting and committed within the course and scope of their employment and agency relationship.

61. At all times material hereto, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, acting within the course and scope of their employment and agency relationship, each were negligent and acted negligently, recklessly and carelessly in violation of Pennsylvania Law and the Pennsylvania Political Subdivision Tort Claims Act.

62. At all times material hereto, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, acting within the course and scope of their employment and agency relationship, each acted intentionally and with the intent to harm the Plaintiff in violation of Pennsylvania Law and the Pennsylvania Political Subdivision Tort Claims Act.

**Count I**

**Assault**

**Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice**

63. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-62, inclusively, as if fully set forth at length herein.

64. At all times material hereto, the Plaintiff Danielle Watson was at and/or inside her apartment located at Creekside Apartment, 2500 Knights Road, Apt. No. 132-06, located in Bensalem, Pennsylvania 19020.

65. At all times material hereto, the Plaintiff Danielle Watson was minding her own business and in her apartment at the above-said location, where she thought she would be secure and safe, when the Defendants acting together in concert and/or individually as aforesaid, barged into the said apartment and premises and began unlawfully grabbing, hitting, striking, excessively and the like and/or touching and tossed and placing the Plaintiff in fear of imminent bodily harm and apprehension and assaulted the Plaintiff in both a simple and aggravating and offensive manner, so as to cause the Plaintiff to sustain personal injuries in violation of the laws of the Commonwealth of Pennsylvania, all to her great financial loss, agony and detriment.

66. At all times material hereto, the Defendants each acted intentionally, willfully, wantonly, recklessly, carelessly and negligently and showed a deliberate indifference and disregard to and for the life, person, body and welfare of the Plaintiff Danielle Watson.


WHEREFORE, FOR ALL OF THE FOREGOING REASONS, PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHAL SERVICE AND THE UNITED STATES DEPARTMENT OF JUSTICE FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS INTEREST, ATTORNEYS FEES AND COSTS OF THIS SUIT.

## Count II

## Battery

## Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

67. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-66, inclusively, as if fully set forth at length herein.

68. At all times material hereto, the Plaintiff Danielle Watson was inside her apartment located at Creekside Apartment, 2500 Knights Road, Apt. No. 132-06, located in Bensalem, Pennsylvania 19020.

69. At all times material hereto, the Plaintiff Danielle Watson was lawfully at the aforesaid premises, and sleeping in her apartment and when suddenly and abruptly awakened by the Defendants and the Defendants acting together in concert and/or individually unlawfully grabbed, tossed,  excessively and offensively touched and tossed the body and persons of the Plaintiff and caused her to sustain personal injuries, all to their great financial loss and detriment and caused her to sustain unnecessary, unlawful and serious bodily harm.

70. At all times material hereto, the Defendants each acted intentionally, willfully, wantonly, recklessly, carelessly and/or negligently and showed a deliberate indifference and disregard to and for the life, body, person and welfare of the Plaintiff Danielle Watson.

71. At all times material hereto, the Defendants City of Philadelphia, United States Marshals Service and the United States Department of Justice had a policy or policies, practices and customs in place and violated those policies, practices and customs, so as to deprive the Plaintiff of her Pennsylvania state law rights and to cause her to sustain personal injuries, physical injuris and bodily harm and emotional distress.


WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

Case ID: 200802486

## Count III

### False Imprisonment

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

72. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-71, inclusively, as if fully set forth at length herein.

73. At all times material hereto, the Defendants each acting individually, jointly and/or in concert and/or under color law, unlawfully handcuffed, detained and restrained and/or falsely imprisoned for a time period certain, the body and person of the Plaintiff Danielle Watson, without her consent and against their will.

74. At all times material hereto, the Defendants conduct directly deprived the Plaintiff of her liberties and freedom.

75. At all times material hereto, the Defendants City of Philadelphia, United States Marshals Service and the United States Department of Justice acting individually, jointly and in concert acted intentionally, so as to deprive the Plaintiff of her liberties and rights under the Pennsylvania Constitution and the Laws and Statutes of the Commonwealth of Pennsylvania and furthermore caused the Plaintiff to sustain bodily harm and physical and emotional injuries, pain and suffering and mental distress.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

### Count IV

### False Arrest

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

76. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-75, inclusively, as if fully set forth at length herein.

77. At all times material hereto, the Defendants each acted individually, jointly and/or in concert and/or under color of law, unlawfully handcuffed, restrained, detained and falsely arrested the body and person of the Plaintiffs against her will and consent and restricted her liberties and freedom of movement.

78. At all times material hereto, the Defendants City of Philadelphia, United States Marshals Service and the United States Department of Justice, by falsely arresting and unlawfully restraining and detaining the body and person of the Plaintiff, were in violation of the laws of the Commonwealth of Pennsylvania and the Pennsylvania Constitution, all to Plaintiff's great loss, detriment and harm and furthermore causing the Plaintiff great physical harm, agony, mental anguish and emotional distress.

   WHEREFORE, FOR ALL OF THE FOREGOING REASONS PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

### Count V

### Intentional Infliction of Emotional Distress

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

79. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-78, inclusively, as if fully set forth at length herein.

80. At all times material hereto, the Defendants acted in concert, individually and/or jointly and under color law, by their actions, conduct, inactions, policies, procedures, excessive and unlawful force, false arrest, battery and false imprisonment, caused the Plaintiff great agony, mental anguish, pain and suffering and emotional distress, all to Plaintiff's great financial loss and detriment and causing the Plaintiff to sustain personal injuries and great bodily harm.

81. At all times material hereto, the Defendants  City of Philadelphia, United States Marshals Service and the United States Department of Justice grabbed, touched, pulled and threw down to the floor, the body and person of the Plaintiff Danielle Watson, in such an outrageous manner and went beyond all bounds of decency and respect for the rights, safety, position, body and person of the Plaintiff.

82. At all times material hereto, the Defendants conduct and actions were intentional, deliberate, willful, wanton and outrageous.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

## Count VI

### Negligent Infliction of Emotional Distress

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

83. the Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-82, inclusively as if fully set forth at length herein.

84. At all times material hereto, the Defendants acted in concert, individually and/or jointly and under color of law, by their actions, conduct, inactions, polices and procedures, excessive and unlawful force, assault, battery and false imprisonment, caused the Plaintiff great agony, mental anguish, pain and suffering and emotional distress, all to the Plaintiff's great financial loss and detriment and causing the Plaintiff to sustain personal injuries and great bodily harm.

85. At all times material, the Defendants City of Philadelphia, United States Marshals Service and the United States Department of Justice  acted negligently, recklessly and carelessly.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

## Count VII

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

86. The Plaintiff incorporates by reference all of the allegations of the preceding paragraphs 1-85, inclusively, as if fully set forth at length herein.

Case ID: 200802486

87. At all times material hereto, the negligence, recklessness and carelessness and willful misconduct on the part of the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, consisted of but was not limited to the following:

(A) Condoning such patterns and practices, on the part of the Defendants officers, policemen, serviceman and agents.

(B) Failing to properly train the Defendants officers, policemen, serviceman and agents.

(C) Encouraged and participated in such patterns and practices by it's officers, policemen, serviceman and agents.

(D) The City of Bensalem, United States Marshals Service and United States Department of Justice violated their policies, practices, regulations and customs.

(E) Failed to properly supervise and discipline the Defendants officers, policemen, serviceman and agents.

(F) Failed to properly train, supervise and discipline the Defendant officers regarding State constitutional constraints on the use of excessive force and the rights of arrestees, all in violation of Pennsylvania law and the Pennsylvania Constitution.

(G) Were otherwise negligent, reckless and careless.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

## Count VIII

### Pennsylvania Constitutional Claims

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

88. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-87, inclusively, as if fully set forth at length herein.

89. The actions of the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice,, acting individually and under color of state and/or local law, custom and usage, deprived the Plaintiff of the Equal Protection of the Laws and their rights, privileges and immunities under the laws and Constitution of the Commonwealth of Pennsylvania and of their right to be secure in their person and property.

Case ID: 200802486

90. By these actions, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, each of them, acting by and through their authorized agents, police officers, serviceman have deprived the Plaintiff of these rights under all Articles and Sections of the Pennsylvania Constitution.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

### Count IX

### 42 U.S.C. 1981

### Plaintiff Danielle Watson vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

### Equal Rights under the Law

91. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-90, inclusively, as if fully set forth at length herein.

92. The actions of the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, stated as aforesaid and acting individually and under color of state and/or local law and within the Jurisdiction of the United States and Territory have deprived the Plaintiff of the full and equal benefit of all laws and proceedings as was and would be and would have been enjoyed by white citizens, under the facts and circumstances and have been so deprived and denied the rights to be secure in her body and person and property.

93. By these actions, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, each of them, acting by and through their authorized agents, police officers, serviceman have deprived the Plaintiff of her Equal Rights under the law and in violation of 42 U.S.C. 1981 under the United States Code and Federal Civil rights laws.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

Case ID: 200802486

## Count X

## 42 U.S.C. 1983

## Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

### Deprivation of Rights

94. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-93, inclusively, as if fully set forth at length herein.

95. The actions of the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, stated as aforesaid and acting individually and under color of state and/or local law, regulation, custom or usage and of any State or Territory, subjects and/or causes any citizen of the United States within the Jurisdiction of the United States and Territory have deprived the Plaintiff of her rights, privileges and immunities secured by the Constitution and laws, under the facts and circumstances of this case.

96. By these actions, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, each of them, acting by and through their authorized agents, police officers, serviceman  have deprived the Plaintiffs of her Equal Rights under the law and in violation of 42 U.S.C. 1983 under the United States Code and Federal Civil rights laws.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

### Count XI

### Fourth Amendment

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

### Unreasonable Searches and Seizures

97. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 1-96, inclusively, as if fully set forth at length herein.

98. At all times material hereto, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, acting as aforesaid and under color of law, did not display, show and/or announce that they had a Warrant to the Plaintiff.

99. At no time and all times material hereto, did the Plaintiff consent to search of her body and person and property and apartment under the facts and circumstances.

100. The actions of the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, stated as aforesaid and acting individually and under color of state and/or local law, regulation, custom or usage, illegally and unreasonably searched the body person, apartment and effects of the Plaintiff Daniel Watson and nor did the Defendants have probable cause to illegally search the Plaintiff's body and person and property and apartment without her consent and without obtaining a warrant upon probable cause, all in violation of the Fourth Amendment to the United States Constitution and furthermore have deprived the Plaintiff of her rights under the Fourth Amendment.

101. By these actions, the Defendants City of Bensalem, United States Marshals Service and United States Department of Justice, each of them, acting by and through their authorized agents, police officers and serviceman illegally searched the body, person, property and apartment of the Plaintiff in violation her rights under the Unites States Constitution's Fourth Amendment.

WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

### Count XII

### Punitive Damages

### Plaintiff Danielle Watson  vs. Defendants City of Bensalem, United States Marshals Service and United States Department of Justice

102. The Plaintiff, Danielle Watson, incorporates by reference all of the allegations of the preceding paragraphs 101, inclusively, as if set forth at length herein.

103. The Defendants, each of them acting in concert, individually and/or jointly, by their conduct actions and inactions of falsely arresting the Plaintiff, falsely imprisoning the Plaintiff, assaulting the Plaintiff, committing battery on the Plaintiff, conspiracy, intentional and negligent infliction of emotional distress, conduct, violation of her rights under the U.S. Code Sections 1981, 1983,

the United States Constitution Fourth Amendment against unreasonable searches and seizures, and as stated herein was willful, wanton, malicious and outrageous, entitling the Plaintiff to an award of Punitive damages.

104. All of the aforesaid conduct on the parts of the Defendants, each acting individually and acting through it's agents servants workmen and employees and committed with the course and scope of their employment was willful, malicious, misleading, fraudulent, deceitful and outrageous conduct so, as to deprive the Plaintiff of her rights under the Laws of Pennsylvania and the Pennsylvania Constitution.

105. The Defendants outrageous, willful and wanton conduct, as aforesaid, entitles the Plaintiff to an Award of Attorneys fees.

106. All of the aforesaid actions and unlawful conduct, and willful, wanton, malicious and outrageous conduct on the part of all of the Defendants acting as aforesaid, has caused the Plaintiff to sustained serious personal injuries, some or all of which are serious and permanent.

107. As a direct result of all of the Defendants conduct, the Plaintiff may have exacerbated injuries both known and unknown, all to her great financial loss and detriment.

108. The actions and unlawful conduct and willful, wanton, malicious and outrageous conduct on the part of all of the Defendants as aforesaid has caused the Plaintiff to undergo great agony, anguish emotional distress, embarrassment and humiliation, and pain and suffering, all to her great financial loss and detriment.

109. As a further and direct and proximate result of the Defendants actions and unlawful conduct and willful, wanton, malicious and outrageous conduct as aforesaid, on the part of all of the Defendants, the Plaintiff has been obliged to expend various sums of money for medical expenses to effectuate a cure and treatment for their personal injuries, all to her great financial loss and detriment, all or some of which may continue for an indefinite time in the future.

110. As a further and direct and proximate result of the Defendants actions and unlawful conduct as aforesaid, the Plaintiff may have been caused to lose wages and may also lose wages in the future and has incurred an impairment in their future earnings and earnings capacity, all to her great financial loss and detriment.


WHEREFORE, FOR ALL OF THE FOREGOING REASONS  PLAINTIFF DANIELLE WATSON DEMANDS JUDGMENT AGAINST THE DEFENDANTS CITY OF BENSALEM, UNITED STATES MARSHALS SERVICE AND UNITED STATES DEPARTMENT OF JUSTICE, FOR AN AMOUNT NOT IN EXCESS OF $50,000.00 (FIFTY-THOUSAND DOLLARS), PLUS ATTORNEYS FEES AND INTEREST AND COSTS OF THIS SUIT.

Case ID: 200802486

Respectfully Submitted:


/s/ Vaughn A. Booker, Esquire
**Vaughn A. Booker, Esquire**
**Attorney for Plaintiff,**
**Danielle Watson**

Dated:_ August 28, 2020_

Case ID: 200802486

## VERIFICATION

I, Vaughn A. Booker, Esquire, hereby states that I am the Attorney for the Plaintiffs in the within action and furthermore verify that the facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. C.S..A. 4904 relating to unsworn falsification to authorities.


/s/ Vaughn A. Booker, Esquire
**Vaughn A. Booker, Esquire**
**Attorney for Plaintiff**

**Dated:** **August 28, 2020**

Case ID: 200802486

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 06/22/2021
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

Filed and Attested by the
Office of Judicial Records
28 AUG 2020 06:02 pm
E. HAURIN

## VERIFICATION

I, Danielle Watson, hereby states that I am the Plaintiff in the within action and that the facts
and statements made in the foregoing Complaint are true and correct to the best of my
knowledge, information and belief and subject to the penalties under 18 Pa. C.S.A. 4904, relating
to unsworn falsification to authorities.

*Danielle Watson*

**Danielle Watson**
**Plaintiff**

Dated: 8/27/20

Case ID: 200802486